## Foster et al. v. Commonwealth.

Dec. 4, 1945.

226

James C. Clay for appellants.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellants were convicted of manslaughter in the killing of Clayton Lambert, and were sentenced to two years each in the State Reformatory. They claim the Court erred in overruling their motion for a directed verdict of acquittal; and that the Court erred in his instructions to the jury.

On the night of May 5, 1944, appellants were in a roadhouse near Morehead, when the deceased, Clayton Lambert, an escapee from the State Reformatory, entered the premises. Appellants testified that Lambert had a quart of whiskey in his pocket; that he drew his pistol, and in a threatening manner stated, "I have taken care of bigger places than this. I know I can take care of this one." No threats were made directly at either of the appellants, and no trouble of any kind occurred between them and Lambert. Upon leaving the roadhouse, appellants informed a night policeman of Lambert's presence in the county; the police department had been looking for him for several months. The Chief of Police deputized appellants to assist in locating Lambert and arresting him, and directed them to station themselves near a bridge at Clearfield, about a mile from Morehead, in an endeavor to effect the arrest. The regular police took up the search in other localities. Appellants testified that, about 1 a. m. of the following morning, while they were walking up the railroad near the bridge, they were suddenly confronted by Lambert, whom at first they did not recognize. Lambert said to them, "Where in the hell are you fellows going? The God damn law is after us. You fellows are trying to trick me." He then drew his pistol with his left hand,

extended it in front of him, and pointed it at appellants. Appellant Foster was armed with a shotgun, Bowman with a pistol. Both immediately fired two shots. Both discharges from the shotgun struck Lambert, causing his death; the shots from the pistol were ineffective. Without going to the body to determine Lambert's condition, both appellants immediately returned to Morehead and surrendered to the police officers. There was no other eyewitness to the shooting. When the officers recovered the body, there was a pistol lying on the ground twelve or fifteen inches from the left hand of the deceased. On examining the body, the officers found that the entire front of the body from the nose to the waist was peppered with number eight shot, and centralized shotgun wounds were found on the victim's left side near the back. A jacket worn by the deceased at the time he met his death disclosed marks made by the shots; there was no mark on the hand or arm of the deceased, or on either sleeve of the coat. Appellants testified that at the time Foster shot Lambert, the latter had his arm and hand extended directly in front of him, and and that he did not lower the arm or hand until after the shooting was over. This testimony is flatly contradicted by the physical facts. Marks made by the shots on the body of the deceased were so close together that it would have been impossible for the victim's arm and hand to have been extended in front of him without those parts of his body receiving a portion of the discharge from the shotgun.

The law is well settled in this jurisdiction that, when an accused admits firing the shot that resulted in the death of his victim, and attempts to justify his conduct on the ground of self-defense, it is incumbent upon him to satisfy the jury that the homicide was excusable on that ground. Huff v. Commonwealth, 275 Ky. 578, 122 S. W. 2d 143; Turner v. Commonwealth, 287 Ky. 499, 153 S. W. 2d 927. That rule has been modified to this extent: While neither the Court nor the jury is required to accept defendant's explanation of homicide in the absence of eyewitnesses, nevertheless, if the physical facts in evidence corroborate the testimony of the defendant, and the proven circumstances are more consistent with innocence than with guilt, it is the duty of the Court to instruct the jury to return a verdict of not guilty. Dixon v. Commonwealth, 290 Ky. 469, 161 S. W. 2d 913; Car-

penter v. Commonwealth, 287 Ky. 819, 155 S. W. 2d 240. But the modification of the rule is not applicable in the circumstances of this case, because the physical facts not only do not corroborate the testimony of the defendants, they flatly contradict it. That being true, the Court properly overruled appellant's motion for a directed verdict.

Appellants do not point to any specific error in the instructions, but weakly claim they are confusing. The instructions are sterotyped, and substantially follow those which have been approved many times by this Court. It would be a waste of time, and a repetition of many former decisions, to discuss them in detail.

The judgments are affirmed.