## Prince v. Commonwealth.

October 8, 1946.

Duncan & Duncan for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Upon conviction of voluntary manslaughter for killing Farris Sloan, appellant was sentenced to the State Reformatory for a period of 21 years. He contends the judgment should be reversed, because (1) the verdict was flagrantly against the evidence; and (2) a statement attributed to him, and testified to by one of the witnesses, was incompetent and highly prejudicial. The first contention calls for a brief resume of the evidence.

In the late evening of July 4, 1944, appellant and Sloan were engaged in a game of cards near the garden of appellant's brother, John Prince. Vernon Dodson, with whom appellant intended to spend the night, was nearby, and John and his wife, Sarah Prince, were working in the garden. Appellant testified that Sloan accused him of cheating and struck at him with an open knife which Sloan held in his left hand. Appellant claims he was cut on the left shoulder. He retreated a few feet to the point where he previously had placed his shotgun, and which he intended to use in hunting squirrel the following morning. He then picked up the gun and fired one shot over Sloan's head; the latter continued to advance and strike at appellant, who finally fired the second shot into Sloan's body. The charge entered the right chest of the victim, passed through his body, and emerged from the back. The other eyewitnesses, viz., John Prince, Sarah Prince, and Vernon Dodson corroborated appellant in every detail, except Dodson testified he did not see the knife.

Appellant contends he was entitled to a directed verdict of acquittal, because all of the eyewitnesses testified to facts showing he shot in self-defense. In support of this contention, he cites Gill v. Commonwealth, 235 Ky. 351, 31 S. W. 2d 608; and Carpenter v. Commonwealth, 287 Ky. 819, 155 S. W. 2d 240; wherein we held that, if there is no evidence to disprove the interposed defense of the accused, it becomes the duty of the trial court to peremptorily direct an acquittal. The facts of this case, however, conform more nearly to those in Foster et al. v. Commonwealth, 301 Ky. 225, 191 S. W. 2d 220, 221, wherein we approved the rule pronounced in the Gill and Carpenter opinions, but held it inapplicable

because the testimony of the witnesses for the defendants was contradicted by the physical facts.

We said: "The law is well settled in this jurisdiction that, when an accused admits firing the shot that resulted in the death of his victim, and attempts to justify his conduct on the ground of self-defense, it is incumbent upon him to satisfy the jury that the homicide was excusable on that ground. Huff v. Commonwealth, 275 Ky. 578, 122 S. W. 2d 143; Turner v. Commonwealth, 287 Ky. 499, 153 S. W. 2d 927. That rule has been modified to this extent: While neither the Court nor the jury is required to accept defendant's explanation of homicide in the absence of eyewitnesses, nevertheless, if the physical facts in evidence corroborate the testimony of the defendant, and the proven circumstances are more consistent with innocence than with guilt, it is the duty of the Court to instruct the jury to return a verdict of not guilty. Dixon v. Commonwealth, 290 Ky. 469, 161 S. W. 2d 913; Carpenter v. Commonwealth, 287 Ky. 819, 155 S. W. 2d 240. But the modification of the rule is not applicable in the circumstances of this case, because the physical facts not only do not corroborate the testimony of the defendants, they flatly contradict it. That being true, the Court properly overruled appellants' motion for a directed verdict."

The physical facts in this case show that Sloan died within a few minutes after he was shot, and appellant and all of his witnesses immediately left the scene of the shooting without stopping to render any assistance to the deceased. The only knife found at or near the scene was closed, free of blood, and in the right front pocket of the trousers of the deceased. It is barely conceivable that, after receiving such a wound, the victim of the shooting would wipe, close, and place his knife in the pocket opposite the hand in which he held it during the affray. The physical facts were undisputed, and certainly were sufficiently contradictory of the testimony of the eyewitnesses to require the case to be submitted to the jury. For this reason, the first contention must be rejected.

The witness, Tom Lovell, testified that, about a month after appellant was released on bond, he made the following statement: "When I shot that damn nigger, he didn't move nor blink his eye." Appellant denied

18

having made the statement, and now contends that it was incompetent, because the Commonwealth failed to prove that appellant was referring to Sloan in making the statement, and the statement was too remote in time to show malice or callosity of heart at the time of the shooting. Appellant did not on the trial, nor does he now, contend that, in making the statement, he was referring to another shooting; and, although Lovell did not testify to any specific fact connecting the words "damn nigger" with the deceased, the inference to be drawn from all his testimony leaves no doubt in our minds that, if appellant made the statement, he was speaking of the crime of which he was convicted. In Karsner v. Commonwealth, 235 Ky. 710, 32 S. W. 2d 43, 46, a witness testified that when the defendant was asked how a man felt who had shot another, he replied, "In a way, no more than shooting that cow." The statement in that case referred to the mental attitude of the defendant at the time of making the statement, and the Court was of the opinion that it was too remote to establish his frame of mind at the time he killed the deceased. But the statement herein attributed to appellant has more significance than mere demonstration of his mental attitude at the time of uttering the statement; it is susceptible of a construction which controverts his version of the affray: if appellant did make the statement, the jury could infer therefrom that the victim was not advancing upon him with a knife or in any manner threatening him with bodily harm. That being true, the evidence was competent.

The judgment is affirmed.